UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL JIRJIS,

        Plaintiff,

v.

WACHOVIA, f/k/a WORLD SAVINGS BANK and
FIFTH THIRD BANK                        Case No. 10-11728
                                                   Honorable Julian Abele Cook, Jr.

        Defendants.

ORDER

This case, which originated in the Macomb County Circuit Court of Michigan (Macomb Circuit), pertains to claims by the Plaintiff, Adil Jirjis, of wrongful conduct by the Defendants, Wachovia Mortgage, FSB ("Wachovia"), successor by merger to World Savings, FSB ("World Savings"),[1] and the Fifth Third Bank. According to the Macomb Circuit docket, service upon the two Defendants was completed on April 1, 2010. (Notice of Removal Ex. B). Approximately four weeks later (April 28, 2010), the Fifth Third Bank filed a notice of removal to this Court, 28 U.S.C. §§ 1441, 1446, citing to its diversity jurisdiction, 28 U.S.C. § 1332.[2] On May 5th and June 23rd of

---

[1] Wachovia notes that it has been incorrectly identified in this lawsuit as "Wachovia f/k/a World Savings." The Court will refer to the parties by their actual names - in this case, "Wachovia Mortgage, FSB, successor by merger to World Savings, FSB."

[2] However, the Fifth Third Bank asserted that, inasmuch as the Macomb Circuit docket did not contain any record or entry which reflected proper service upon Wachovia, it was "unable to confirm whether [the other Defendant had] been served with process for the purpose of procuring its consent to removal." (Notice of Removal at 2, ¶ 10). Because Jirjis did not undertake any action to remand this action within the requisite thirty day period (or at all) as required by 28 U.S.C. § 1447(c), an argument by him regarding the alleged improper removal

this year, the two Defendants filed motions to dismiss, both of which are currently pending before the Court for its evaluation.

I.

The allegations by Jirjis in this case relate to two mortgages that he signed in conjunction with his purchase of a parcel of the realty which is commonly known as 43607 Sweetwood Drive in Sterling Heights, Michigan. On February 3, 2005, he executed mortgages in favor of (1) World Savings in the sum of $364,000.00 and (2) the Fifth Third Bank in the amount of $100,000.00. In his complaint, Jirjis maintains that World Savings had improperly and wrongfully "inflated various figures on the original loan application including but not limited to: inflated income, understated expenses, understated liabilities, understated debt to income ratio and other non-disclosed items as required by Federal law." (Compl. at ¶ 6). Furthermore, it is also his contention that he was not informed by the Defendants' representatives of various charges and fees that would be assessed against him, the nature of the variable rate loan, his recision rights, and deductions that would be taken from his payments. (*Id.* at ¶¶ 7-8).

Almost a year later, on March 30, 2010, Jirjis commenced this lawsuit in the Macomb Circuit. On May 19, 2010, Jirjis's counsel, Ziyad Kased, filed a motion to withdraw as counsel of record due to "irreconcilable differences over issues arising out of this litigation as well as over the management and direction of this litigation." The Court, after granting this motion on June 29, 2010, stayed all proceedings for a period of sixty days to afford Jirjis an opportunity to find a

---

process has been impliedly waived. Moreover, the Court cannot consider this issue *sua sponte*. *See Loftis v. United Parcel Serv.*, 342 F.3d 509, 516-17 (6th Cir. 2003) ("[T]echnical defects in the removal procedure, such as a breach of the rule of unanimity, may not be raised *sua sponte*, and must be raised by a party within thirty days of removal or they are waived . . . .").

substitute counsel. Kased was also directed to file evidence of his service of the June 29th order upon Jirjis along with his client's last known address and telephone number. Upon the expiration of the stay period on August 30, 2010, an examination by the Court of the record in this cause revealed that Kased had failed to comply with the directive of June 29, 2010. Acting upon a renewed directive from the Court, Kased filed proof that the order was served upon Jirjis on September 16, 2010.

After the deadline for the filing of a response to the pending motions for summary judgment had passed without any definitive action having been undertaken by Jirjis, the Court declined to immediately address the merits of the Defendants' motions due to Kased's inexplicable delay in informing his client of the status of this litigation. Thereafter, the Court - on September 30, 2010 - issued an order which (1) directed Jirjis to respond to the Defendants' motions within fourteen days and (2) warned him that, if he failed to respond in a timely manner, the Court would evaluate the pending dispositive motions without any input from, or notice to, him.

Noting that the deadline had expired without Jirjis having undertaken any action with which to advance his cause of action, *see* E.D. Mich. LR 7.1(c)(1); 7.1(e)(1), this Court will address the Defendants' motions without the benefit of a response, *see Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (citation omitted) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

II.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept the plaintiff's well-pleaded allegations as true and construe each

of them in the light that is most favorable to him. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to the plaintiff's legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). The complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

To survive an application for dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the "plaintiff [must] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

### III.

In his complaint, Jirjis alleges six counts against both Defendants; namely, (1) "declaratory relief that the named Defendants are not holders of the mortgage note and therefore the debt and mortgage is null and void," (2) "quiet title relief as to Defendants," (3) civil conspiracy, (4) fraudulent misrepresentation, (5) promissory estoppel, and (6) breach of contract. The Defendants argue that each count should be dismissed because of Jirjis' failure to (1) state a cognizable claim for relief, as required by Fed. R. Civ. P. 12(b)(6), and (2) set forth a short and plain statement showing an entitlement to relief according to Fed. R. Civ. P. 8(a).

The Court notes that this lawsuit is one of almost thirty legal proceedings that advance

identical or nearly-identical claims that Jirjis's former counsel has filed in the state courts of Michigan. A cursory review of these other "similar related" cases reveals that dispositive motions are currently pending in the majority of them. It should also be noted that two of the lawsuits have been dismissed with prejudice by stipulation of the parties. *Brikho v. Am.'s Servicing Co.*, No. 10-11649 (E.D. Mich. Sept. 15, 2010) (alleging Counts 1-6 as well as claim of fraudulent conversion); *Shallal v. Fed. Nat'l Mortgage Ass'n*, No. 10-11094 (E.D. Mich. Oct. 22, 2010) (advancing Counts 1, 3, 4, and 6 and violation of various federal housing and lending laws). One such action was dismissed because of the plaintiff's failure to respond to an order to show cause why the case should not be dismissed for failure to respond to the defendants' motion to dismiss. *Faris v. BAC Home Loans Servicing, LP*, No. 10-11764 (E.D. Mich. July 21, 2010) (alleging Counts 1-6, fraudulent conversion, and violation of Michigan's foreclosure statutes). Finally, in three of these cases, the defendants' motions to dismiss were granted after a full briefing and, in one instance, oral arguments. *Battah v. ResMAE Mortg. Corp.*, No. 10-11033, 2010 WL 4260530 (E.D. Mich. Oct. 28, 2010) (dismissing (1) Counts 4 through 6 for failure to plead sufficient facts to state claim, (2) Count 3 because civil conspiracy is not a cognizable claim without a cognizable underlying tort, and (3) Count 4 because of the plaintiff's failure to plead fraud with particularity); *Zoma v. Deutsche Bank Nat'l Trust Co.*, No. 10-11506 (E.D. Mich. Oct. 26, 2010) (dismissing all counts for failure to provide specific support for the claims); *Mekani v. Homecomings Fin., LLC*, Case No. 10-10992, 2010 WL 2681077 (E.D. Mich. July 6, 2010) (dismissing (1) all claims for failure to plead sufficient facts to state a claim, (2) Count 4 on the additional basis of failure to plead fraud with specificity, and (3) Count 1 on the additional basis that it was wholly derivative to Count 2 and thus also failed to state a claim).

5

After its review of the pleadings, the Court has concluded that a dismissal of all counts as to both Defendants in this action is warranted because of Jirjis's failure to (1) comply with its directive that he respond to the motions to dismiss, as in *Faris*,[3] or (2) plead a sufficiency of facts to state his claims, as in *Battah*, *Zoma*, and *Mekani*.[4] Under the applicable standard of review, as set forth above, it is clear that none of Jirjis's counts have alleged a sufficiency of facts upon which to survive the Defendants' motions to dismiss.

Count 1, wherein Jirjis seeks "declaratory relief that the named defendants are not holders of the mortgage note and therefore the debt and mortgage is null and void," must be dismissed for failure to state a cognizable claim. He provided the Court with only conclusory allegations - "[u]pon information received, Defendants are not the owners and possessors of the Mortgage note," and "[o]n information and belief Defendant[5] does not have the original executed mortgage note." (Compl. at ¶¶ 13-14). Unaccompanied by any factual support, these assertions plainly do not meet the standard set by *Twombly* and *Iqbal*. Moreover, as a court in this District has noted with respect

---

[3] *See also Mekani*, 2010 WL 2681077, at * 5 n.2 (citing Fed. R. Civ. P. 41) ("Plaintiff has not responded to Defendant's motion to dismiss this claim, and the Court assumes he concedes this point and abandons the claim. Accordingly, Defendant is entitled to have the civil conspiracy claim dismissed . . . .").

[4] In light of this conclusion, the Court need not address the Defendants' additional argument that Jirjis's complaint must be dismissed for failure to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a).

[5] The Court notes that Jirjis alternates between alleging that the Defendants - plural - performed certain acts and that the Defendant - singular - did so. In the latter case, however, Jirjis fails to specify which of the two Defendants he refers to. This ambiguity constitutes an additional insufficiency of his pleading, insofar as the Court cannot hold Wachovia liable for an act committed by the Fifth Third Bank - or vice versa - nor can the Defendants be expected to respond without knowing which of Jirjis's allegations relate to them. Yet Jirjis provides no indication of which Defendant he believes should be held accountable for which actions or omissions.

to an identical claim, "Plaintiff's wholly derivative claim for declaratory relief, which . . . is a procedural device by which substantive claims are vindicated, also fails to state a cognizable claim." *Mekani*, 2010 WL 2681077, at *11 n.8. Because the underlying substantive claim (i.e., Jirjis's request for quiet title relief) is legally defective, *see infra*, so too must be the procedural device by which he seeks to vindicate that claim.

In Count 2 of his complaint, Jirjis seeks to obtain "quiet title relief as to Defendants." However, he has provided no facts other than the conclusory allegations that the "Defendants are not a [sic] holders of the original Mortgage Note" and that they "engaged in fraudulent activity in closing the mortgage with excessive interest rate charges and other costs." (Compl. at ¶¶ 18(a), (b)). Where a quiet title claim is unsupported by legal or factual justification beyond such conclusory allegations, the claim must be dismissed. *See Mekani*, 2010 WL 2681077, at *11 (dismissing nearly identical quiet title claim supported by identical conclusory allegations); *see also Urbina v. Homeview Lending, Inc.*, 681 F. Supp. 2d 1254, 1262 (D. Nev. 2009) ("Plaintiffs provide no legal or factual justification for their quiet title claim other than the conclusory allegation that the foreclosure was wrongful, invalid, and voidable. The Court therefore finds that Plaintiffs' quiet title claim does not rise above a speculative level.").

Count 3 - alleging that the Defendants engaged in a civil conspiracy - must also be dismissed. To state a claim for conspiracy, a plaintiff must show "an agreement between two or more persons to accomplish some unlawful purpose through concerted activity." *Ahlers v. Schebil*, 188 F.3d 365, 374 (6th Cir. 1999) (citing *Fenestra Inc. v. Gulf Am. Land Corp.*, 141 N.W.2d 36, 48 (1966)). Jirjis alleges various purportedly wrongful acts, such as overcharging his account, failing to inform him of various statutory rights and obligations, harassment by mail to extort fees

in excess of the contractual amount, and conspiring to lien his property through fraud; however, he has failed to even allege, much less establish, any specific agreement between, or concerted activity by, the Defendants. Furthermore, "[a] civil conspiracy, by itself, is not a cognizable claim but is defined by the tort that constitutes the underlying theory of liability." *Mekani*, 2010 WL 2681077, at *5 n.2 (citing *Roche v. Blair*, 9 N.W.2d 861, 863 (Mich. 1943)); *see also Battah*, 2010 WL 4260530, at * 5 (dismissing civil conspiracy claim where plaintiff failed to state claim for underlying tort of fraud). Because Jirjis has failed to state a claim for the underlying tort - here, fraudulent misrepresentation, *see infra* - the conspiracy claim too must fail.

In addition to failing to provide sufficient facts to state a claim, Count 4 - alleging that the Defendants engaged in fraudulent misrepresentation - suffers from the additional problem that, pursuant to Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud." This Rule has been interpreted to require a plaintiff alleging fraud to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (citation omitted). Moreover, "[a]t a minimum, Plaintiffs must allege the time, place and contents of the misrepresentations upon which they relied." *Id.* at 570 (citing *Bender v. Southland Corp.*, 749 F.3d 1205, 1216 (6th Cir. 1984)).

A plaintiff who alleges fraudulent misrepresentation must prove - to a reasonable degree of certainty - "(1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by

8

plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976). Failure to establish any one of these elements "is fatal to a recovery." *Id.*

In his charges against Wachovia and the Fifth Third Bank, Jirjis maintains that these two "Defendants intentionally made false representations of material facts by sending out false statements with excessive charges, interest rates, and excessive escrow amounts which forced [him] into foreclosure."[6] (Compl. at ¶ 26). However, and despite having made these allegations, he does not explain what is "false" about excessive charges or which of the two Defendants made these misrepresentations. Jirjis further alleges that the "loan was originated by Defendants [sic] agent who inflated various figures on the original loan application" including his income, expenses, and liabilities. (Compl. at ¶ 27). However, there has not been any proffered explanation as to how he could have reasonably relied upon misstatements about his own financial status. *See Mekani*, 2010 WL 2681077, at 8-9 (dismissing nearly identical allegation that defendant's representations of plaintiff's income constituted fraud as "not logical or legally sustainable"); *Battah*, 2010 WL 4260530, at * 4 ("[I]t is absurd for a person to sue for fraud based on the claim that he reasonably relied on inflated statements regarding his own income on a loan application."). Finally, Jirjis alleges that, at the closing, he was not informed of "various charges," "the nature of the variable rate loan," and other rights and obligations. (Compl. at ¶ 28). However, he has failed to explain how

---

[6] Jirjis acknowledges that he, while never having fallen behind in his payments, is having difficulty paying the mortgage obligations. It is, however, unclear how he could have been "forced into foreclosure" by the Defendants' representations, when, in fact, foreclosure proceedings have not been commenced. The Court suspects that (1) this was a result of a copy-and-paste error, and (2) his counsel intended to plead that Jirjis had been forced "into an unaffordable loan," as in the complaint filed by him in *Mekani.*

9

or whether these provisions were false. These allegations clearly fail to establish either of the first two required elements of a fraudulent misrepresentation claim. As for the remaining four elements, Jirjis merely recites them without providing any factual support whatsoever. (Compl. at ¶¶ 29-33). Because Jirjis has failed to adequately make out *any* of the elements of his fraudulent misrepresentation claim - much less *all* of them as required by *HiWay Motor Co.* - the claim must be dismissed.

Count 5 - alleging promissory estoppel - suffers from the same pleading defects. A promissory estoppel claimant must allege: "(1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided." *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W. 2d 546, 552 (Mich. App. 1999). The promise must be "actual, clear, and definite," and reliance on it must be reasonable. *Charter Twp. of Ypsilanti v. Gen. Motors Co.*, 506 N.W.2d 556, 559 (Mich. App. 1993). Despite stating that "Defendant's promise was clear, definite, and unequivocal" (Compl. at ¶ 35), Jirjis fails to identify any promise that was allegedly made by either Defendant. Jirjis asserts that, "[t]o avoid injustice, this court must specifically enforce Defendant's promise to Plaintiff to negotiate a modification or other equitable relief" (Compl. at ¶ 38) - but nowhere in the complaint does he establish that such a promise was ever made or, if made, by which Defendant or in what manner. The Court cannot glean from this oblique reference to a promise that either Defendant made a "clear, definite, and unequivocal promise" that could serve as the foundation of a promissory estoppel claim. Furthermore, Jirjis provides merely a formulaic recitation of the remaining elements of his claim. These unsupported allegations and conclusory

10

recitations cannot withstand a 12(b)(6) motion to dismiss under *Twombly* and *Iqbal*.

Finally, Count 6 - alleging breach of contract - must also be dismissed for failure to state a claim. Jirjis alleges that he entered a contract with World Savings, that the Defendants "began to assess excessive interest rate charges beyond the contractual amount allowed," and that "Defendants continued to assess illegal escrow fees, penalties, interest and other illegal charges beyond what was allowed for in the original contract." (Compl. at ¶¶ 43-45). Yet Jirjis fails to provide any factual detail regarding what rates and fees were contemplated in the contract, what rates and fees were actually charged, or what constitutes an excessive or illegal rate or fee. *See Battah*, 2010 WL 4260530, at * 5 (dismissing nearly identical breach of contract claim for failure to provide sufficient facts to state a claim). Once again, Jirjis's bare-bones allegations are plainly insufficient to survive a 12(b)(6) motion to dismiss.

IV.

From the foregoing, it is clear that even construing the complaint liberally in Jirjis's favor - and even assuming he has not waived opposition to the Defendants' motions by failing to file a responsive pleading in a timely manner - he has plainly failed to set forth sufficient facts to survive a 12(b)(6) motion to dismiss under *Twombly* and *Iqbal*.

Therefore, the Defendants' motions to dismiss must be, and are, granted.

IT IS SO ORDERED.

Dated:   January 11, 2011                              s/Julian Abele Cook, Jr.
         Detroit, Michigan                             JULIAN ABELE COOK, JR.
                                                       United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participant **Adil Jirjis, 43607 Sweetwood Drive, Sterling Heights, MI 48314** on January 11, 2011.

                                              s/ Kay Doaks
                                              Case Manager